IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DAVID E. WATSON, P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 4:08-CV-00442-RP-CFB |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| DAVID E. WATSON, P.C. ) | |
| ) | |
| Counterclaim Defendant. ) | |

## ANSWER AND COUNTERCLAIM

The United States answers the Complaint as follows:

1. The United States lacks sufficient information to admit or deny the allegations in this paragraph.

2. Admitted.

3. Admitted in part, denied in part. The United States admits Plaintiff, David E. Watson, P.C., ("Watson PC") seeks to recover FICA taxes. The United States denies all other allegations in this paragraph.

4. Admitted in part, denied in part. The United States admits Watson PC seeks to recover FICA taxes. The United States denies all other allegations in this paragraph.

5. Admitted.

5.[1]  Admitted in part, denied in part.  The United States admits David E. Watson is employed by Watson PC.  The United States denies all other allegations in this paragraph.

7.  The United States lacks sufficient information to admit or deny the allegations in this paragraph.

8.  The United States lacks sufficient information to admit or deny the allegations in this paragraph.

9.  The United States lacks sufficient information to admit or deny the allegations in this paragraph.

10.  Admitted in part, denied in part.  The United States admits that on February 5, 2007, it assessed unpaid FICA taxes against Watson PC for the quarters listed in paragraph 10 of the complaint.  The United States denies all other allegations in this paragraph.

11.  Denied.

12.  Admitted in part, denied in part.  The United States admits it received a payment of $4,063.93 on April 14, 2007.  The United States denies all other allegations in this paragraph.

13.  Admitted.  All allegations contained in the claim for refund are denied unless otherwise admitted in this answer.

14.  Admitted in part, denied in part.  The United States admits that on November 16, 2007, the IRS denied Watson P.C.'s claim for refund.  The United States denies all other allegations in this paragraph.

15.  Denied.

---

[1]The Complaint (Dkt. No. 1 at 2) contains two consecutive paragraphs numbered as "5."

16. The United States lacks sufficient information to admit or deny the allegations in this paragraph.

17. Denied.

18. Admitted in part, denied in part. The United States admits it assessed unpaid FICA taxes of $2474.02 against Watson PC for the quarter ending December 31, 2002. The United States denies all other allegations in this paragraph.

19. Denied.

20. The United States lacks sufficient information to admit or deny the allegations in this paragraph.

21. The United States lacks sufficient information to admit or deny the allegations in this paragraph.

22. Denied.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject-matter jurisdiction over this case under 28 U.S.C. § 1346(a) because Watson P.C. has not paid the federal taxes for which it now seeks a refund pursuant to 26 U.S.C. §§ 6511(a), 7422(a).

2. During 2002 and 2003, Watson P.C. provided remuneration to its employee and shareholder, David E. Watson, in the form of loans and dividends that are properly considered wages subject to FICA taxes pursuant to 26 U.S.C. § 3101 and for which Watson P.C. did not pay FICA taxes.

WHEREFORE, the United States requests that this Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of the United States, award the United States its costs in

defending this action, and award the United States such other relief as the Court deems just and proper.

## COUNTERCLAIM

The United States alleges against David E. Watson, P.C. ("Watson PC") as follows:

1. This counterclaim has been authorized and requested by a delegate of the Secretary of the Treasury, and is commenced at the direction of a delegate of the Attorney General of the United States as required by 26 U.S.C. § 7401.

2. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

3. Venue is proper in this jurisdiction under 28 U.S.C. § 1396(b) because David E. Watson P.C. ("Watson P.C.") has its principal place of business in this judicial district and because a substantial part of the events giving rise to the United States' claim occurred in this jurisdiction.

4. In addition to other taxes, federal law imposes a 6.2% tax on wages individuals receive with respect to employment. See 26 U.S.C. § 3101(a). These taxes are commonly known as FICA taxes.

5. Any remuneration for employment is subject to FICA taxes. See 26 U.S.C. § 3121(a).

6. David E. Watson is an experienced Certified Public Accountant.

7. David Watson has a bachelor's degree in Business Administration with a concentration in accounting from the University of Iowa.

8. David Watson has a masters in taxation from Duke University.

9. David Watson is the former head of Ernest & Young's Nebraska/Iowa real estate tax practice.

10. David Watson has taught classes on complex taxation for both Ernest & Young and the Iowa Bar Association.

11. David Watson's other professional attainments can be found by accessing the Internet website located at:

    http://www.lwbj.com/aspx/LWBJ/WhyLWBJ.aspx?p=178&s=y

12. David Watson formed Watson P.C. on October 11, 1996.

13. David Watson is Watson P.C.'s sole shareholder.

14. Watson P.C. has elected to be taxed as an S corporation since October 11, 1996.

15. Watson P.C. is one of four personal corporations that form the partnership doing business as Larson, Watson, Bartlin, and Juffer, LLP ("LWBJ Financial"). LWBJ Financial's principal place of business is 4200 University Avenue, suite 410, West Des Moines, Iowa, a location within this judicial district.

16. LWBJ Financial's website boasts that, "Since its inception, LWBJ Financial has been recognized as employing professionals who are nationally recognized leaders in their fields. Most members of the LWBJ Financial team have 'Big Four' accounting firm experience."

    See http://www.lwbj.com/aspx/LWBJ/About.aspx.

17. During 2002 and 2003, Watson P.C. has done business exclusively through LWBJ Financial.

18. During 2002 and 2003, David Watson was an employee of Watson P.C., and David Watson was Watson P.C.'s only employee during 2002 and 2003.

19. In 2002 and 2003, Watson P.C. purported to pay David Watson $24,000 in wages.

20. In fact, Watson P.C. paid David Watson wages of $134,730.05 during 2002 and wages of $175,470.00 during 2003 by providing him with remuneration in the form of dividends and loans.

21. Watson P.C. paid FICA taxes only on the first $24,000 of the wages it paid to David Watson during 2002 and 2003.

22. On February 5, 2007, the IRS made timely assessments of unpaid FICA taxes, interest, and penalties against Watson P.C. in the amounts listed in the following chart:

| Quarter at issue: | FICA Tax Assessed: | Penalties Assessed: | Interest Assessed: |
|---|---|---|---|
| March 31, 2002 | $3,143.11 | $1,728.72 | $1,247.34 |
| June 30, 2002 | $3,689.73 | $2,029.35 | $1,373.05 |
| September 30, 2002 | $2,863.23 | $1,574.78 | $995.80 |
| December 31, 2002 | $2,474.02 | $1,224.64 | $804.39 |
| March 31, 2003 | $3,468.32 | $1,907.85 | $1,061.65 |
| June 30, 2003 | $3,468.32 | $1,907.85 | $994.05 |
| September 30, 2003 | $3,468.32 | $1,907.85 | $931.79 |
| December 31, 2003 | $3,468.32 | $1,907.85 | $878.97 |
| Totals: | $26,043.37 | $14,188.89 | $8,287.04 |

23. Watson P.C. has refused to pay the taxes, penalties, and interest described in paragraph 22.

24. On April 14, 2007, the IRS received a payment of $4,06.93, which was applied to Watson P.C.'s unpaid tax debt for the quarter ending March 31, 2002.

25. Watson P.C. has not paid the balance of the assessments, penalties or interest, described in paragraph 22, and Watson P.C. remains indebted to the United States for the balance of these unpaid assessments, penalties, and interest in the amount of $44,457.39 plus statutory interest accruing on this amount from December 2, 2008.

WHEREFORE, the United States requests judgment in its favor against Watson P.C. in the amount of $44,457.39 with additional statutory interest accruing according to law from December 2, 2008 and such further relief as the Court shall deem just and appropriate.

Dated this 12th day of February, 2009

Respectfully submitted,

MATTHEW G. WHITAKER
United States Attorney

 s/ Robert E. Fay
ROBERT E. FAY
VA Bar No. 74871
Attorneys for Plaintiff
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-9209
Fax: (202) 514-6770
Email: Robert.E.Fay@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2009, a true and accurate copy of the foregoing Answer and Counterclaim was filed via the Court's ECF system, which will provide notice electronically to Ronald L. Mountsier, Esq., attorney for the Plaintiff and Counterclaim Defendant.

                                                                    */s Robert E. Fay*
                                                                    ROBERT E. FAY
                                                                    United States Department of Justice
                                                                    Tax Division