IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

DAVID E. WATSON, P.C.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant and Counterclaim Plaintiff,

v.

DAVID E. WATSON, P.C.,

    Counterclaim Defendant.

CASE NO. 4:08-CV-00442-RP-CFB

**BRIEF IN SUPPORT OF DAVID E. WATSON, P.C.'S MOTION FOR SUMMARY JUDGMENT and REQUEST FOR ORAL ARGUMENT**

## TABLE OF CONTENTS:

STATEMENT OF THE CASE: .................................................................................................. ii

STATEMENT OF THE FACTS: ............................................................................................... 1

ARGUMENT: ............................................................................................................................ 3

I. SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO DISPUTED FACTS ................................................................................................... 3

II. THE UNITED STATES DOES NOT HAVE THE AUTHORITY TO RE-CHARACTERIZE DIVIDENDS PAID BY DEW, PC AS COMPENSATION. .................. 3

III. THE UNITED STATES SHOULD NOT BE ALLOWED TO SUBSTITUTE ITS BUSINESS JUDGMENT FOR THAT OF A TAXPAYER. ............................................. 7

## STATEMENT OF THE CASE:

On or about February 5, 2007, the United States, through its agency the Internal Revenue Service ("IRS") assessed FICA taxes, interest, and penalties against David E. Watson, P.C. The underlying basis of the assessment is the United States' claim that the compensation paid by David E. Watson, P.C. to David E. Watson was an unreasonably low salary. The assessment reflects the IRS' contention that portions of loans from David E. Watson, P.C. to David E. Watson and dividends paid by David E. Watson, P.C. to David E. Watson should be re-characterized as compensation, subject to FICA taxes.

On or about April 11, 2007, David E. Watson, P.C. paid the taxes assessed with respect to the calendar quarter ended December 31, 2002, and filed a claim for refund. That refund claim was denied, and the Complaint in this action was filed on October 31, 2008. The United States initially alleged that the Court lacked subject matter jurisdiction because David E. Watson, P.C. had not paid the taxes for the fourth quarter of 2002, but has subsequently reconsidered its position and no longer makes that claim.

The remaining issue for the Court to determine is whether the loan payments and dividends from David E. Watson, P.C. to David E. Watson should be re-characterized as compensation. The United States contends that David E. Watson's compensation was unreasonably low compared to compensation earned by similarly situated individuals, and for that reason alone their reallocation, and related tax assessment, should be upheld. David E. Watson, P.C. contends that it clearly intended to pay David E. Watson compensation of $24,000.00 per year, and that amounts distributed to Mr. Watson in excess of that amount are properly classified as dividends and/or loans. Specifically, David E. Watson, P.C. contends that

the United States does not have the authority to require that David E. Watson, P.C. pay any sort of minimum salary to David E. Watson before it can pay dividends to Mr. Watson, and that the United States' ability to assess additional employment taxes is limited to taxing payments which were intended to be compensatory in nature.

## STATEMENT OF THE FACTS:

David E. Watson, P.C. ("DEW, PC") is an Iowa Professional Corporation. DEW, PC was organized on October 11, 1996. Statement of Material Facts (SMF) 1.   DEW, PC is a validly organized and existing corporation, properly recognized as a separate entity for federal tax purposes. SMF 2.

David E. Watson ("Watson") is the sole shareholder and sole employee of DEW, PC. STMF 3 & 4. DEW, PC is a partner in Larson, Watson, Bartling & Jeffer ("LWBJ") a Certified Public Accountant firm located in West Des Moines, Iowa. SMF 5. Watson provides accounting services to LWBJ and its clients as an employee of DEW, PC. SMF 6. Because DEW, PC has elected to be taxed as an S Corporation, the earnings of DEW, PC, after deducting business expenses including the salary paid Watson, is taxed to Watson. Generally, DEW, PC also distributed all cash remaining after the payment of salary and expenses to Watson as dividends. SMF 15 & 16.

The Internal Revenue Service contends that portions of the dividend distributions to Watson from DEW, PC should be re-characterized as compensation to Watson, subject to employment taxes imposed by 26 U.S.C. §§ 3101 and 3111, rather than as dividends.[1] SMF 8. The United States made an assessment reflecting its contention that DEW, PC paid Watson an additional $130,730.05[2] of taxable compensation in 2002. SMF 9. The United States made an assessment reflecting its determination that DEW, PC paid Watson an additional $170,470.00 of taxable compensation in 2003. SMF 10. Mr. Igor Ostrovsky, the expert witness retained by the

---

[1] Recharacterization of these amounts as compensation, rather than dividends, has no affect on the income tax liability of Watson or DEW, PC. The only impact is on the employment tax liability.

[2] The actual assessment seems to be based on an additional $130,730.05 increase in compensation, but the written explanation recites the adjustment to be $134,730.05. We assume the $4,000.00 difference is simply a computational error.

1

United States, initially determined that Watson's compensation in 2002 was $99,672.00, and therefor the increase subject to employment taxes is $75,672.00. SMF 11. For 2003, Mr. Ostrovsky initially determined that the compensation should be $184,876.00, resulting in an adjustment of $160,876.00. SMF 11. Immediately prior to his December 15, 2009, deposition, Mr. Ostrovsky reconsidered his position, and determined that the actual compensation in both 2002 and 2003 should be $136,436.00, resulting in an adjustment or increase in compensation of $112,436.00 in each year. SMF 12. At the end of the deposition, however, Mr. Ostrovsky indicated that he would be reconsidering his opinion as to the amount of compensation, and on January 15, 2010, reported that it is now his opinion that the total compensation for 2002 and 2003 should be set at $91,044.00 each year, for an adjustment or increase in taxable compensation of $67,044.00 in each of 2002 and 2003. SMF 13.

The United States does not contend that DEW, PC, or any corporation, is required to pay any minimum salary to any employee before it can pay dividends. SMF 18. In fact, the United States concedes that there is no tax statute, regulation, or other rule requiring a corporation to pay any minimum amount of compensation to any employee, including any owner employee. SMF 17. The United States does not dispute that dividends and loans made to Watson by DEW, PC in 2002 and 2003 were properly authorized by DEW, PC. SMF 16. The sole basis for the adjustments proposed by the United States is their determination that the $24,000.00 salary paid to Watson by DEW, PC was not reasonable compensation for the services performed by Watson. SMF 19. The United States never considered intent in making its assessment. SMF 20.

## ARGUMENT:

### I. SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO DISPUTED FACTS

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Vacca v. Viacom Broadcasting of Mo., 875 F.2d 1337, 1339 (8th Cir. 1989). On a Motion for Summary Judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts. United States v. City of Columbia, Mo., 914 F. 2d 151, 153 (8th Cir. 1990); Woodsmith Publishing Co. v. Meredith Corp., 904 F.2d 1244, 1247 (8th Cir. 1990). As is discussed in detail below, there are no significant factual disputes, and DEW, PC is entitled to judgment as a matter of law.

### II. THE UNITED STATES DOES NOT HAVE THE AUTHORITY TO RE-CHARACTERIZE DIVIDENDS PAID BY DEW, PC AS COMPENSATION.

A. The Intent of DEW, PC Controls Whether Distributions to Watson Should be Treated as Compensation or Dividends.

The sole basis for the United States' claims in this matter is that it believes that the salary paid to Watson by DEW, PC during 2002 and 2003 is less than the "reasonable compensation" the United States contends Watson could have earned in those years. Even assuming the truth of that allegation, the relief sought by the United States cannot be granted, because the fact that DEW, PC could have paid Watson a greater salary is alone insufficient to support the United States' assessment.

First, the Court should note that it is clear, and in fact the United States does not dispute, that there is no required minimum salary that must be paid to a shareholder of a corporation before that corporation can pay dividends to that shareholder. Testifying as the United States'

3

rule 30(b)(6) designee, Daniel Olson admitted on the United States' behalf that "David E. Watson, PC, is not required to pay David E. Watson anything. Given that David E. Watson, P.C. did pay David E. Watson, the individual, it becomes a matter of interest as to whether the payment was for services or for some other reason, be that return on investment, rent, some other reason. To the extent that it was for services, it's subject to Social Security tax." Olson depo, 36:24 – 37:11, App. 54-55. However, it is the intent as to the purpose for the distribution of funds, rather than the amount of funds distributed, that controls the classification of the distribution as compensation or as a dividend.

In the case of <u>Pediatric Surgical Associates, P.C. v. Commissioner</u>, T.C. Memo. 2001-81 (2001), the United States Tax Court concluded that amounts distributed to shareholder/surgeons of a C Corporation and declared by the corporation to be compensation were not compensation, but instead were distributions of profit (dividends). In reaching that conclusion the Court focused not on the amount of compensation paid to the shareholder/surgeons, but instead focused on the intention of the parties as to the payments. The Tax Court specifically noted that "[f]or 1995, petitioner deducted $1,508,675 as officer's compensation, and, after concessions, respondent would disallow $19,450, which is 1.29 percent of the amount deducted. We hesitate to conclude that respondent would ask us to find that compensation was unreasonable based on such a small variance". *Id.* at footnote 4.

Intent was also identified by the Court as a key factor in <u>Electric & Neon, Inc.</u>, 56 TC 1324 (1971), aff'd 496 F.2d 876 (5th Cir., 1974). There the corporation initially treated certain distributions to its sole shareholder as loans. The IRS reclassified the loans as dividends, and the corporation sought to treat them as compensation instead. In deciding whether the payments should be treated as dividends or compensation, the Court applied a two prong test: (1) did the

4

amounts paid represent reasonable compensation (2) did the corporation intend the payments to be compensation for services rendered. Although the Court determined that the payments in excess of stated salary would not be excessive (and were therefore "reasonable under the Section 162 test")[3], it nonetheless concluded that the second prong, the intent requirement, was not satisfied and the payments could not be classified as compensation as the corporation desired. In short, while the corporation could have paid its shareholder more compensation had it intended to do so, because it could not establish that the withdrawals originally classified as loans were intended to be additional compensation the court treated them as dividends instead.

When taxpayers have, for various reasons, asserted that payments initially classified as loans or dividends should be reclassified as compensation, the courts have routinely refused to do so because the initial classification demonstrates that there was no intent that the payments be considered compensation. See, *Electric & Neon, Inc., Id.*; *Bramlette Building Corp.*, 52 TC 200 (1969), aff'd 424 F. 2d 751 (5th Cir. 1970) and *Paula Construction Co.*, 58 TC 1055 (1972), aff'd 474 F.2d 1345 (5th Cir. 1973).[4]

    B.    The United States' Never Considered Intent.

The United States cannot dispute this point. It has candidly admitted that it didn't even consider intent in making the reclassification, but instead looked solely at the "fair value" of services provided by Watson to DEW, PC.[5] The sole focus of the United States in this case is on

---

[3] Generally speaking, as long as the salary paid to a shareholder/employee is less than the maximum amount that would be deemed to be reasonable, the compensation paid to the shareholder/employee is deemed to be reasonable compensation for purposes of Section 162. There is no dispute that the $24,000 in compensation paid by DEW, PC to Watson in each of 2002 and 2003 constituted "reasonable compensation" for purposes of Section 162 in each of 2002 and 2003 because the salary paid was less than an amount that would have been deemed excessive for those years. Note also that Section 162 is applicable only for purposes of "computing taxable income under Section 63" (26 U.S.C. §161), and has no real application to the computation of the FICA taxes in dispute in this case.

[4] The United States has no more power to re-classify dividends as wages than do taxpayers. The re-characterization is proper only if it is determined that the payments were actually intended to be compensation, rather than a dividend.

[5] Daniel Olson, the United States' Designee, testified as follows:

5

the reasonableness of the compensation. The United States has not considered intent, has not alleged intent, and has no evidence as to intent. On this record DEW, PC is clearly entitled to summary judgment in its favor.

    C.    DEW, PC Intended to Pay Dividends, Not Compensation.

It is clear from the minutes of corporate action and the reporting positions taken on tax returns that DEW, PC's intent was to pay Watson $24,000 in compensation in both 2002 and 2003, and that any additional distributions were dividends. SMF 14-16. Salary was set at $24,000.00 in 2000. Exhibit B., App. 29. That salary amount was reconfirmed each year in 2001, 2002, and 2003. Exhibits C, D, and E, App. 30-32.[6] DEW, PC declared dividends each year as well.

DEW, PC clearly documented its intent to pay $24,000 in salary to Watson, as well as its intention that distribution in excess of that amount be treated as dividends. The United States makes no claim that dividends were not properly authorized or approved. Watson understood the difference between dividends and compensation, and intended that only $24,000 per year be considered as compensation.

Furthermore, as the United States recognizes, the salary paid to Watson had consequences that extended beyond tax savings. Olson depo. 25:15 – 26:16, App. 52-53.

---

Q. Other than the fact that you believe his salary was set unreasonably low, are there any other facts that you would point to that would demonstrate that the corporation did not – did not actually intend the dividend distributions to be treated as dividends, or considered dividends?
    A. We didn't look to intent. We looked to the fair value of the services provided by the shareholder employee to determine the amounts that were subject to Social Security tax.
    Q. Okay. So, basically, the sole basis for the adjustment is the fact that you believe his salary was unreasonably low?
    A. Yes.
Olson depo 25:1 – 14, App. 52.

[6] Watson's intent is clear. He testified that the wages paid by DEW, PC were based on the regular monthly amount the partners of LWBJ agreed would be regularly distributed. Watson depo 30:18 – 32:10, App. 58-60. Initially that amount was $12,000.00 annually. Watson depo 33:1-6, App. 61. It was later increased to $24,000.00 annually. Watson depo 36:20 – 37:12, App. 62-62A. Watson's salary is currently set for $48,000.00. Watson depo 65:18 – 66:10, App 63-64.

Watson's social security benefits, for example, are directly impacted by the amount designated as salary. Employers and employees are, with the exception of minimum wage laws, generally free to set salaries at whatever levels they believe appropriate.[7]

In summary, the United States cannot reclassify Mr. Watson's dividends as compensation merely because his stated salary is less than Mr. Watson might command if employed by an unrelated entity. The distributions can be reclassified only if the United States can establish that the true intent on the distributions was to compensate Watson for his services. Because the United States has never considered intent, it can hardly argue that the intent of the distribution was to compensate, and it cannot prevail in this case.

### III. THE UNITED STATES SHOULD NOT BE ALLOWED TO SUBSTITUTE ITS BUSINESS JUDGMENT FOR THAT OF A TAXPAYER.

Allowing the United States to require corporations pay shareholder/employees a minimum amount of compensation or risk having dividends reclassified as wages creates untold potential hardship and uncertainty for taxpayers. The ever changing opinion of the IRS and the United States' expert witness in this case alone shows that a determination as to what dollar amount constitutes "reasonable compensation" can be, at best, elusive. Here, the amount of "reasonable compensation" for Mr. Watson in 2002 has ranged from a high of $152,058.05 to the most current estimate of $91,044.00. In 2003 the amounts ranged from a high of $203,628.80, to the current estimate of $91,044.00. Given the vagueness as to what constitutes "reasonable compensation" and assuming, for sake of argument only, that $91,044.00 is, in fact, the amount of "reasonable compensation" for each year, the Court should consider whether the United States, through the IRS, should have the ability to assess additional taxes and penalties if the

---

[7] Recently, for example, some executives have agreed to salaries of only $1.00 due to the economic stress suffered by their employers.

stated wages to Watson had been $90,044.00, or would $90,044.00 have been close enough to avoid an assessment. If $90,044.00 is "close enough", is $86,044.00 or $76,044.00 also "close enough"? Should small closely held businesses be required to expend scarce resources to engage valuation experts annually to tell them how much salary they should pay?

In this regard the Court should consider the situation of Berkshire Hathaway and Warren Buffet. Mr. Buffett is a critic of what he views as excessive CEO compensation. As of 2006 Mr. Buffet's compensation at Berkshire Hathaway was only $100,000.00 annually. See Forbes Summary of CEO Compensation, App. 136. Assuming that Mr. Buffett could have easily commanded a much higher salary had he desired, could the United States reclassify a portion of the dividends paid to him as salary simply because his $100,000.00 compensation is too low, or should Berkshire Hathaway and Mr. Buffet be allowed to use the lower amount?

The simple truth is that the law does not mandate any minimum compensation be paid by a corporation to its shareholder/employees. What the law does provide is that amounts paid as compensation be taxed as compensation. If a corporation makes a payment to an employee that is intended to compensate that employee for services, but is designated as something other than compensation, then the United States can properly seek taxes on the amount intended as compensation but not classified as such. Absent clear statutory authority to set minimum compensation levels, the United States should not be allowed to impose its business judgment on DEW, PC in this case simply because it increases the payroll taxes due from DEW, PC.

## CONCLUSION

As noted above, there is no statutory minimum compensation that DEW, PC was required to pay to Watson. The law doesn't allow the United States to arbitrarily impose such a minimum. All that is allowed is for the United States to tax as compensation those payments that

are properly characterized as compensation – i.e. those amounts the DEW, PC intended to be compensation for Watson's services. Given the United States admission that intent was not considered and that their disagreement with DEW, PC is based solely on their claim that the amount of wages paid to Watson was less than "reasonable compensation", the Court should grant DEW, PC's request for summary judgment in its favor.

DEW, PC requests that the Court grant it oral argument as to the issues raised in its Motion for Summary Judgment.

Respectfully submitted,

_____
**Ronald L. Mountsier**
SMITH, SCHNEIDER, STILES & SERANGELI, P.C.
604 Locust Street, Suite 1000
Des Moines, IA 50309
Phone: 515-245-6789
Fax: 515-244-1328

ATTORNEYS FOR DAVID E. WATSON, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2010, a true and accurate copy of the foregoing Brief in Support of David E. Watson, P.C.'s Motion for Summary Judgment was filed via the court's ECF System, which will provide notice electronically to Robert E. Fay and Miranda Bureau.

Mr. Robert E. Fay
Trial Attorney, Tax Division
U.S. Dept. of Justice, PO Box 7238
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-9209
Fax: (202) 514-6770
Email: robert.e.fay@usdoj.gov


Ms. Miranda Bureau
Trial Attorney, Tax Division
U.S. Dept. of Justice
PO Box 7238
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 353-9171
Fax: (202) 414-6770
Email: Miranda.J.Bureau@usdoj.gov

_____

X:\Active Client Files\21335 David E. Watson, PC\001 Emp Tax Matter\Pleadings\Brief in Support of Motion for Summary Judgment.doc